UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:  Case No. 10-58136-swr
 Chapter 7
Christopher Lawrence Hayes  Hon. Steven W. Rhodes
                   Debtor /  Pet.Filed: 6/2/10

Christopher Lawrence Hayes,

    Plaintiff,
v.  Adv. Proc. _____

INTERNAL REVENUE SERVICE,
DEPARTMENT OF TREASURY,

    Defendant                    /

<u>ADVERSARY FOR DECLARATORY RULING AND OTHER RELIEF</u>

    Now comes the debtor Christopher Hayes by and through counsel Thomas J. Budzynski, against the Department of Treasury, Internal Revenue Service for release of all tax liens, personal assessments, return of setoff funds, and a declaratory ruling that the debtor has no responsibility for certain taxes stating as follows:

    1.   This proceeding is a civil proceeding arising under Title 11 of the United States Code, or arising in a case under Title 11 of the United States Code, and the District Court for this district has jurisdiction of this proceeding under 28 USC 1334(b).

    2.   Pursuant to 28 USC 157(a), and E.D. Michigan Local Rule, this proceeding is referred to the Bankruptcy Judges for this District.

    3.   Pursuant to 28 USC 157(b)(2)(A),(E),(H), and (O), this

is a core proceeding. In the event this is not a core proceeding, Plaintiff consents to this Court's entry of a final order and/or judgment in this proceeding.

4. Pursuant to 28 USC 1409(a), venue of this proceeding is proper in this Court.

5. That Christopher Hayes is the debtor.

6. That Homer McClarty is the trustee appointed to this case, and is represented by Tracy Clark.

7. That the Department of Treasury, Internal Revenue Service has filed a proof of claim in this matter, claiming a civil penalty for periods from June 30, 2007 to December 31, 2008.

8. That prior to filing, the Department of Treasury, Internal Revenue Service performed setoffs of the debtor's personal tax returns, which returns were filed jointly with the debtor's spouse.

9. That upon information and belief, the claim as filed and the pre-petition setoffs were as the result of civil penalties imposed upon the debtor for an entity known as P.C. Landscape Services Inc.

10. That the debtor was a shareholder of said entity.

11. That the debtor was formerly an officer of the company.

12. That since 2006, the debtor has not been associated with the company in a management capacity, and in fact, his only

-2-

involvement with the company was as a shareholder, and not as a decision maker.

13. That since 2006, the debtor has been employed outside of the United States in Iraq and Kuwait, and has had no managerial or decision making involvement with any entity within the United States, or any entity which employed people within the United States.

14. That the Department of Treasury, Internal Revenue Service is required to perform certain functions, interviews and other processes prior to making any personal assessment.

15. That the Department of Treasury, Internal Revenue Service in fact could not have completed any interviews or investigation of the debtor, unless it did so in Iraq or Kuwait.

16. That the Department of Treasury, Internal Revenue Service in fact has not completed interviews of any kind with the debtor.

17. That the debtor herein, not having had any managerial or decision making involvement with any company in the United States which incurs payroll tax, cannot have any responsibility for any civil penalty.

18. That the debtor has no managerial or decision making function with any company outside the United States that would have involved the payment of taxes, and therefore, could not have incurred civil penalties.

19.  That it is just equitable and appropriate that the court find that the claim filed in this case by The Department of Treasury, Internal Revenue Service be disallowed, that the court find that the pre-filing offsets which were performed on the individual tax returns of the debtor were improper, and that those funds should be returned to the estate and be subject to exemption claims, find that the debtor is not responsible for future assessments for civil penalties from any entity, that the debtor be found to have no responsibility for any civil penalties from the date he left for Iraq and Kuwait, and further find that the Department of Treasury breached its obligations or failed to perform the administrative functions required prior to making a civil penalty assessment.

WHEREFORE, the debtor prays that the court grant the relief as requested in paragraph 19, along with such other and further relief as equity and good conscience require, including but not limited to, an award of costs and fees so wrongfully sustained.

Respectfully submitted,

/s/ *Thomas J. Budzynski*
Thomas J. Budzynski PC
Attorney for Debtor/Plaintiff
43777 Groesbeck Hwy.
Clinton Twp., MI 48036
(586) 463-5253
lawoffice@tjbudzynskipc.com
P26355

Dated: 8/31/10